WENDEL v. WENDEL.

(Supreme Court, Appellate Term. February 24, 1899.)

1. HUSBAND AND WIFE—MONEY PAID—EVIDENCE—DISMISSAL.
     Plaintiff, in an action to recover money paid by her to her husband, testified that she paid the money at his instance, to be put into his bank, as it was not convenient for her to deposit it. In a former action she had claimed to have given him the money in consideration of a promise to care for her son by a former marriage, which promise he had failed to fulfill. Held, that her two versions of the transaction were not so inconsistent as to require a dismissal of the complaint.

2. SAME—VARIANCE.
     Such former claim was not incompatible with allegations that the payment was for plaintiff's benefit, and was to be returned to her at any time, as she wished.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by Louise Wendel against Joseph Wendel. From a judgment dismissing her complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Gustave Hurliman, for appellant.

James W. Ridgway, for respondent.

MacLEAN, J. Testifying in her own behalf, in an action to recover for moneys had and received from her and to her benefit by her husband, prior to an informal separation, the plaintiff said she had paid the sums admittedly paid, beginning the week after the wedding, at the suggestion and request of the defendant, to be put into his bank, as it was not convenient for herself to go to New York to make the deposit. It was shown, by copy of a complaint verified by herself, that in another action the plaintiff had claimed to have given the money to the defendant in consideration of his promise to receive and care for a minor son born in her former wedlock, and which promise he had refused to fulfill. For this supposed variance in her versions of the transactions, the complaint was dismissed. This was error. The additional allegation in the earlier complaint of an ulterior reason for paying the money, that it was to be used for the care of the child for whom the plaintiff was bound to care, is not incompatible with the allegation that the payment was for the benefit of the plaintiff; nor was so the statement that it was paid at the suggestion of the defendant, to be kept for and returned to the plaintiff at any time, as she wished, which might well be at any time before he had begun to fulfill the alleged promise to receive and care for the minor. Moreover, the defendant testified, under a general denial, that he had received the money on account of a marriage portion only partly paid; that the plaintiff had left him at his instance and request, and upon his offer to pay her a larger sum in consideration of that separation. Thus, apparently, the man was indebted to the woman, for more than the amount she claimed, upon another contract; nor could he rightfully keep the money which he received, according to his own showing, under a contract which he rendered practically ineffectual, even though it was a contract of marriage.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs. LEVENTRITT, J., concurs in result.